IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEROY KRAMER, JEFFREY KRAMER<br>AND STEVE KRAMER,<br><br>　　　　Defendants. | CASE NO. _____<br><br><br>COMPLAINT |

COMES NOW, Plaintiff CNH Capital America, LLC ("CNH Capital") and for its Complaint against Defendants Leroy Kramer, Jeff Kramer and Steve Kramer (collectively "the Defendants") states as follows:

## NATURE OF THE CASE

1. This lawsuit relates to the Defendants' respective obligations for indebtedness owed to CNH Capital pursuant to twenty (20) retail installment sale contracts (the "Retail Installment Contracts") signed by the Defendants in favor of Walterman Implement, Inc. ("Walterman Implement"), an agricultural implement dealer located in Dike, Grundy County, Iowa. With the Defendants' knowledge, Walterman Implement subsequently assigned the Retail Installment Contracts to CNH Capital (formerly known as Case Credit Corporation). The outstanding balance of the Retail Installment Contracts exceeds $1.3 million. This lawsuit also relates to Defendants' conspiracy with, and aiding and abetting of, a massive fraud perpetrated on CNH Capital by Defendants and/or Walterman Implement (and/or its principals and/or agents),

including through the execution of a number of the Retail Installment Contracts for which there was no equipment collateral and for which Defendants made payments to CNH Capital from monies received by Defendants from Walterman Implement (and/or its principals and/or agents), thereby preventing Plaintiff from discovering the fraud. Plaintiff seeks a monetary judgment against the Defendants for the full amount of the indebtedness owed to Plaintiff pursuant to the Retail Installment Contracts, plus punitive damages, interest, attorneys' fees, costs.

## PARTIES

2. Plaintiff CNH Capital (formerly known as Case Credit Corporation), is a Delaware limited liability company with its principal place of business located in Lake Forest, Illinois.

3. Defendant Leroy Kramer is an individual who, upon information and belief, resides at 27685 Butler Center Road, Clarksville, Butler County, Iowa.

4. Defendant Jeffrey Kramer is an individual who, upon information and belief, resides at 27283 Butler Center Road, Clarksville, Butler County, Iowa.

5. Defendant Steve Kramer is an individual who, upon information and belief, resides at 27682 Butler Center Road, Clarksville, Butler County, Iowa.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a).

## FACTUAL BACKGROUND

8. From and after March 7, 2002, Defendant Leroy Kramer executed the following fourteen

(14) Retail Installment Contracts relating to separate purchases of equipment from Walterman Implement, which contracts were subsequently assigned to CNH Capital:

    a. Contract (number 61171005) dated March 7, 2002 relating to the purchase of a Case IH STX440 Tractor serial number JEE0098765. A copy of this Retail Installment Contract is attached hereto as Exhibit "A".

    b. Contract (number 61171009) dated April 16, 2003 relating to the purchase of a DMI TM-60 Cultivator serial number JFH0014277. A copy of this Retail Installment Contract is attached hereto as Exhibit "B".

    c. Contract (number 61171011) dated April 16, 2003 relating to the purchase of a Case IH 1200-16 Planter serial number CBJ0001974. A copy of this Retail Installment Contract is attached hereto as Exhibit "C".

    d. Contract (number 61171013) dated July 15, 2003 relating to the purchase of a Case IH 2208 Header serial number HAJ034423. A copy of this Retail Installment Contract is attached hereto as Exhibit "D".

    e. Contract (number 61171015) dated October 20, 2003 relating to the purchase of a Case IH 1020-30 Header serial number JJC0331155. A copy of this Retail Installment Contract is attached hereto as Exhibit "E".

    f. Contract (number 61171021) dated January 27, 2004 relating to the purchase of a Case IH 16-31 Planter serial number CBJ0018486. A copy of this Retail Installment Contract is attached hereto as Exhibit "F".

    g. Contract (number 61171023) dated January 27, 2004 relating to the purchase of a Case IH 1200-16 Planter serial number CBJ0018489. A copy of this Retail

Installment Contract is attached hereto as Exhibit "G".

h.  Contract (number 61171027) dated April 30, 2004 relating to the purchase of a Case IH MX285 Tractor serial number JAZ126150. A copy of this Retail Installment Contract is attached hereto as Exhibit "H".

i.  Contract (number 61171029) dated June 23, 2004 relating to the purchase of a Case IH MX285 Tractor serial number JAZ130731. A copy of this Retail Installment Contract is attached hereto as Exhibit "I".

j.  Contract (number 61171031) dated June 23, 2004 relating to the purchase of a Case IH MX285 Tractor serial number JAZ130648. A copy of this Retail Installment Contract is attached hereto as Exhibit "J".

k.  Contract (number 61171033) dated December 1, 2004 relating to the purchase of two (2) John Deere Tractors, model number 4960 with serial number 1507 and model number 4955 with serial number 1118. A copy of this Retail Installment Contract is attached hereto as Exhibit "K".

l.  Contract (number 61171035) dated December 13, 2004 relating to the purchase of a Case IH 2388 Combine serial number JJC0274844. A copy of this Retail Installment Contract is attached hereto as Exhibit "L".

m.  Contract (number 61171037) dated May 23, 2005 relating to the purchase of a Case IH MX285 Tractor serial number JAZ134318. A copy of this Retail Installment Contract is attached hereto as Exhibit "M".

n.  In addition, Defendant Leroy Kramer co-signed and is jointly and severally liable with Defendant Steve Kramer, for a retail installment contract (number 6117102)

dated April 30, 2002 relating to the purchase of a Case IH STX375 Tractor serial number JEE0098792. A copy of this Retail Installment Contract is attached hereto as Exhibit "Q".

9. Defendant Leroy Kramer is currently in default to CNH Capital under the terms of the above-identified retail installment contracts for, among other things: failing to make timely payments; failing to maintain the equipment/collateral secured by the above-identified retail installment contracts at the location identified therein; making false representations to CNH Capital to induce CNH Capital to extend credit to Defendant Leroy Kramer; and causing CNH, in good faith, to consider that payments or performance is impaired and that the equipment secured by the contracts is at risk. The outstanding balances owed to CNH Capital under the above-identified retail installment contracts as of December 2, 2005 were as follows:

a. Contract (number 61171005) dated March 7, 2002 relating to the purchase of Case IH STX440 Tractor serial number JEE0098765: $53,327.55.

b. Contract (number 61171009) dated April 16, 2003 relating to the purchase of DMI TM-60 Cultivator serial number JFH0014277: $11,390.82.

c. Contract (number 61171011) dated April 16, 2003 relating to the purchase of Case IH 1200-16 Planter serial number CBJ0001974: $20,951.04.

d. Contract (number 61171013) dated July 15, 2003 relating to the purchase of Case IH 2208 Header serial number HAJ034423: $19,706.36.

e. Contract (number 61171015) dated October 20, 2003 relating to the purchase of Case IH 1020-30 Header serial number JJC0331155: $15,686.58.

f. Contract (number 61171021) dated January 27, 2004 relating to the purchase of

Case IH 16-31 Planter serial number CBJ0018486: $58,220.50.

g. Contract (number 61171023) dated January 27, 2004 relating to the purchase of Case IH 1200-16 Planter serial number CBJ0018489: $58,220.50.

h. Contract (number 61171027) dated April 30, 2004 relating to the purchase of Case IH MX285 Tractor serial number JAZ126150: $78,345.72.

i. Contract (number 61171029) dated June 23, 2004 relating to the purchase of Case IH MX285 Tractor serial number JAZ130731: $98,282.61.

j. Contract (number 61171031) dated June 23, 2004 relating to the purchase of Case IH MX285 Tractor serial number JAZ130648: $98,292.61

k. Contract (number 61171033) dated December 1, 2004 relating to the purchase of two (2) John Deere Tractors, model number 4960 with serial number 1507 and model number 4955 with serial number 1118: $63,007.69.

l. Contract (number 61171035) dated December 13, 2004 relating to the purchase of Case IH 2388 Combine serial number JJC0274844: $86,930.08.

m. Contract (number 61171037) dated May 23, 2005 relating to the purchase of Case IH MX285 Tractor serial number JAZ134318: $125,079.53.

n. Contract (number 61171002) dated April 30, 2002 relating to the purchase of Case IH STX375 Tractor serial number JEE0098792: $50,504.59.

In addition, pursuant to the terms of the above-identified retail installment contracts, Defendant Leroy Kramer is responsible for accrued and accruing interest, attorneys' fees and costs.

10. From and after February 4, 2003, Defendant Jeffrey Kramer has executed the following three (3) Retail Installment Contracts relating to separate purchases of equipment from

Walterman Implement, which contracts were subsequently assigned to CNH Capital:

    a. Contract (number 61171003) dated February 4, 2003 relating to the purchase of Case IH 9350 Tractor serial number JEE0035460. A copy of this Retail Installment Contract is attached hereto as Exhibit "N".

    b. Contract (number 61171002) dated October 9, 2003 relating to the purchase of Case IH STX275 Tractor serial number JEE0097806 and John Deere 4650 Tractor serial number 9687. A copy of this Retail Installment Contract is attached hereto as Exhibit "O".

    c. Contract (number 61171005) dated December 15, 2003 relating to the purchase of Case IH MX255 Tractor serial number JAZ130391. A copy of this Retail Installment Contract is attached hereto as Exhibit "P".

11. Defendant Jeffrey Kramer is currently in default to CNH Capital under the terms of the above-identified retail installment contracts for, among other things: failing to make timely payments; failing to maintain the equipment/collateral secured by the above-identified retail installment contracts at the location identified therein; making false representations to CNH Capital to induce CNH Capital to extend credit to Defendant Jeffrey Kramer; and causing CNH, in good faith, to consider that payments or performance is impaired and that the equipment secured by the contracts is at risk. The outstanding balances owed to CNH Capital under the above-identified retail installment contracts, as of December 2, 2005 were as follows:

    a. Contract (number 61171003) dated February 4, 2003 relating to the purchase of Case IH 9350 Tractor serial number JEE0035460: $47,352.12.

    b. Contract (number 61171002) dated October 9, 2003 relating to the purchase of

Case IH STX275 Tractor serial number JEE0097806 and John Deere 4650 Tractor serial number 9687: $83,864.31.

c. Contract (number 61171005) dated December 15, 2003 relating to the purchase of Case IH MX255 Tractor serial number JAZ130391: $93,068.41.

In addition, pursuant to the terms of the above-identified retail installment contracts, Defendant Jeffrey Kramer is responsible for accrued and accruing interest, attorneys' fees and costs.

12. From and after April 30, 2002, Defendant Steve Kramer has executed the following four (4) Retail Installment Contracts relating to separate purchases of equipment from Walterman Implement, which contracts were subsequently assigned to CNH Capital:

a. Contract (61171002) dated April 30, 2002 relating to the purchase of Case IH STX375 Tractor serial number JEE0098792, which was co-signed by Defendant Leroy Kramer. A copy of this Retail Installment Contract is attached hereto as Exhibit "Q".

b. Contract (61171004) dated October 10, 2003 relating to the purchase of Case 1660 Combine serial number JJC0102060, Case IH 1020-20 Header serial number JJC0328699, and Case IH 2206 Header serial number HAJ0003594. A copy of this Retail Installment Contract is attached hereto as Exhibit "R".

c. Contract (number 61171006) dated December 15, 2003, relating to the purchase of Case IH MX255 Tractor serial number JAZ130396. A copy of this Retail Installment Contract is attached hereto as Exhibit "S".

d. Contract (number 61171008) dated May 23, 2005, relating to the purchase of Case IH STX375Q Tractor serial number JEE0099737. A copy of this Retail

8

Installment Contract is attached hereto as Exhibit "T".

13. Defendant Steve Kramer is currently in default to CNH Capital under the terms of the above-identified retail installment contracts for, among other things: failing to make timely payments; failing to maintain the equipment/collateral secured by the above-identified retail installment contracts at the location identified therein; making false representations to CNH Capital to induce CNH Capital to extend credit to Defendant Steve Kramer; and causing CNH, in good faith, to consider that payments or performance is impaired and that the equipment secured by the contracts is at risk. The outstanding balances owed to CNH Capital under the above-identified retail installment contracts as of December 2, 2005 were as follows:

   a. Contract (number 61171002) dated April 30, 2002 relating to the purchase of Case IH Tractor serial number JEE0098792: $50,504.59.

   b. Contract (number 61171004) dated October 10, 2003 relating to the purchase of Case IH 1660 Combine serial number JJC0102060, Case IH 1020-20 Header serial number JJC0328699, and Case IH 2206 Header serial number HAJ0003594: $47,722.00.

   c. Contract (number 61171006) dated December 15, 2003, relating to the purchase of Case IH MX255 Tractor serial number JAZ130396: $93,030.36.

   d. Contract (number 61171008) dated May 23, 2005, relating to the purchase of Case IH STX375Q Tractor serial number JEE0099737: $117,734.36.

In addition, pursuant to the terms of the above-identified retail installment contracts, Defendant Steve Kramer is responsible for accrued and accruing interest, attorneys' fees and costs.

**COUNT I - BREACH OF CONTRACT – Defendant Leroy Kramer**

9

14. Plaintiff repeats and realleges, as if fully set forth herein, Paragraphs 1 through 13.

15. Plaintiff has performed or has offered to perform all of its obligations under the Retail Installment Contracts.

16. Defendant Leroy Kramer has breached the Retail Installment Contracts, by among other things: failing to make timely payments; failing to maintain the equipment/collateral secured by the Retail Installment Contracts at the location identified therein; making false representations to CNH Capital to induce CNH Capital to extend credit to Defendant Leroy Kramer; and causing CNH, in good faith, to consider that payments or performance is impaired and that the equipment secured by the contracts is at risk.

17. As a result of the breaches of the Retail Installment Contracts by Defendant Leroy Kramer, Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, CNH Capital America, LLC, prays that judgment be entered in favor of Plaintiff and against Defendant Leroy Kramer in an amount to be determined at trial, plus interest thereon at the highest rate allowed by law from the date incurred until paid, as well as Plaintiff's reasonable attorneys' fees and costs incurred herein.

## COUNT II - BREACH OF CONTRACT - Defendant Jeffrey Kramer

18. Plaintiff repeats and realleges, as if fully set forth herein, Paragraphs 1 through 17.

19. Plaintiff has performed or has offered to perform all of its obligations under the Retail Installment Contracts.

20. Defendant Jeffrey Kramer has breached the Retail Installment Contracts, by among other things: failing to make timely payments; failing to maintain the equipment/collateral secured by the Retail Installment Contracts at the location identified therein; making false

10

representations to CNH Capital to induce CNH Capital to extend credit to Defendant Jeffrey Kramer; and causing CNH, in good faith, to consider that payments or performance is impaired and that the equipment secured by the contracts is at risk.

21. As a result of the breaches of the Retail Installment Contracts by Defendant Jeffrey Kramer, Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, CNH Capital America, LLC, prays that judgment be entered in favor of Plaintiff and against Defendant Jeffrey Kramer in an amount to be determined at trial, plus interest thereon at the highest rate allowed by law from the date incurred until paid, as well as Plaintiff's reasonable attorneys' fees and costs incurred herein.

## COUNT III - BREACH OF CONTRACT – Defendant Steve Kramer

22. Plaintiff repeats and realleges, as if fully set forth herein, Paragraphs 1 through 21.

23. Plaintiff has performed or has offered to perform all of its obligations under the Retail Installment Contracts.

24. Defendant Steve Kramer has breached the Retail Installment Contracts, by among other things: failing to make timely payments; failing to maintain the equipment/collateral secured by the Retail Installment Contracts at the location identified therein; making false representations to CNH Capital to induce CNH Capital to extend credit to Defendant Steve Kramer; and causing CNH, in good faith, to consider that payments or performance is impaired and that the equipment secured by the contracts is at risk.

25. As a result of the breaches of the Retail Installment Contracts by Defendant Steve Kramer, Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, CNH Capital America, LLC, prays that judgment be entered in

11

favor of Plaintiff and against Defendant Steve Kramer in an amount to be determined at trial, plus interest thereon at the highest rate allowed by law from the date incurred until paid, as well as Plaintiff's reasonable attorneys' fees and costs incurred herein.

### **COUNT IV - CONSPIRACY – All Defendants**

26. Plaintiff repeats and realleges, as if fully set forth herein, Paragraphs 1 through 25.

27. Defendants, individually and/or in cooperation or concert with Walterman Implement, Leon Walterman (Walterman Implement's President) and/or others acting for or on behalf of Walterman Implement and/or Leon Walterman, defrauded CNH Capital through, among other things, the execution and assignment (for value) of retail installment contracts to CNH Capital for which Defendants maintained or possessed no equipment collateral, which was contrary to and in violation of the terms of such retail installment contracts.

28. In addition, Defendants participated in a conspiracy with Walterman Implement, Leon Walterman and/or others acting for or on behalf of Walterman Implement and/or Leon Walterman by signing (and/or authorizing and/or ratifying the signature of) retail installment contracts which were assigned (for value) to CNH Capital, which retail installment contracts were to be secured by equipment collateral, which equipment collateral was either never purchased by Defendants or which equipment collateral was not maintained at the location identified in, and required by, the retail installment contracts. Defendants further participated in a conspiracy with Walterman Implement, Leon Walterman and/or others acting for or on behalf of Walterman Implement and/or Leon Walterman by making payments to CNH Capital on such retail installment contracts from funds received from Walterman Implement, Leon Walterman and/or others acting for or on behalf of Walterman Implement, notwithstanding that Defendants

did not maintain nor possess the equipment collateral that secured such retail installment contracts, thereby preventing CNH Capital from discovering that such retail installment contracts were unsecured.

29. In exchange for Defendants' participation in the above-described conspiracy, Defendants received the use of agricultural equipment for no (or at greatly reduced) cost from Walterman Implement, Leon Walterman and/or others acting for or on behalf of Walterman Implement and/or Leon Walterman.

30. Defendants' actions were willful, wanton, malicious, for a tortious or illegal purpose and in disregard of the rights of Plaintiff.

31. As a result of the conspiracy, Plaintiff has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff, CNH Capital America, LLC, requests this Court enter judgment in favor of Plaintiff and against Defendants Leroy Kramer, Jeffrey Kramer and Steven Kramer, and each of them, and award compensatory and punitive damages, interest as provided by law, costs, reasonable attorneys' fees, and such further relief as allowed by this Court.

### **COUNT IV - AIDING AND ABETTING – All Defendants**

32. Plaintiff repeats and realleges, as if fully set forth herein, Paragraphs 1 through 31.

33. Defendants, individually and/or in cooperation or concert with Walterman Implement, Leon Walterman (Walterman Implement's President) and/or others acting for or on behalf of Walterman Implement and/or Leon Walterman, defrauded CNH Capital through, among other things, the execution and assignment (for value) of retail installment contracts to CNH Capital for which Defendants maintained or possessed no equipment collateral, which was contrary to

13

and in violation of the terms of such retail installment contracts.

34. Defendants knew of the fraud being perpetrated on CNH Capital.

35. Defendants gave substantial assistance and/or encouragement to Walterman Implement, Leon Walterman and/or others acting for or on behalf of Walterman Implement and/or Leon Walterman in the commission of the fraud on CNH Capital by signing (and/or authorizing and/or ratifying the signature of) retail installment contracts which were assigned (for value) to CNH Capital, which retail installment contracts were to be secured by equipment collateral, which equipment collateral was either never purchased by Defendants or which equipment collateral was not maintained at the location identified in, and required by, the retail installment contracts. Defendants further gave substantial assistance and/or encouragement to Walterman Implement, Leon Walterman and/or others acting for or on behalf of Walterman Implement and/or Leon Walterman in the commission of the fraud on CNH Capital by making payments to CNH Capital on such retail installment contracts from funds received from Walterman Implement, Leon Walterman and/or others acting for or on behalf of Walterman Implement, notwithstanding that Defendants did not maintain nor possess the equipment collateral that secured such retail installment contracts, thereby preventing CNH Capital from discovering that such retail installment contracts were unsecured.

36. Defendants' actions were willful, malicious wanton, malicious, for a tortious or illegal purpose and in disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff, CNH Capital America, LLC, requests this Court enter judgment in favor of Plaintiff and against Defendants Leroy Kramer, Jeffrey Kramer and Steve Kramer, and each of them, and award compensatory and punitive damages, interest as provided by law,

costs, reasonable attorneys' fees, and such further relief as allowed by this Court.

## COUNT V - FRAUDULENT MISREPRESENTATION – All Defendants

37. Plaintiff repeats and realleges, as if fully set forth herein, Paragraphs 1 through 36.

38. Defendants represented to Plaintiff in the Retail Installment Contracts that they would maintain the equipment collateral secured by the Retail Installment Contracts at the location identified in the respective Retail Installment Contracts.

39. Defendants represented to Plaintiff in the Retail Installment Contracts that they would keep the equipment/collateral free of all liens, encumbrances and security interests of persons other than Plaintiff.

40. Defendants represented to Plaintiff in the Retail Installment Contracts that they would not sell, lease or otherwise dispose of the equipment collateral nor permit the equipment collateral to become an accession to other goods or fixtures.

41. Defendants made these representations knowing they were material terms of the Retail Installment Contracts.

42. Defendants made these representations knowing they were false and with the intent to deceive Plaintiff.

43. Plaintiff acted in justifiable reliance on the representations by accepting assignment of the Retail Installment Contracts (for value).

44. As a result of Defendants' misrepresentations, Plaintiff has been damaged in an amount to be determined at trial.

45. Defendants' actions were willful, malicious wanton, malicious, for a tortious or illegal purpose and in disregard of the rights of Plaintiff.

15

WHEREFORE, Plaintiff, CNH Capital America, LLC, requests this Court enter judgment in favor of Plaintiff and against Defendants Leroy Kramer, Jeffrey Kramer and Steve Kramer, and each of them, and award compensatory and punitive damages, interest as provided by law, costs, reasonable attorneys' fees, and such further relief as allowed by this Court.

/s/ Scott L. Long
SCOTT L. LONG PK0015361
MIRANDA L. HUGHES PK0013697
REBECCA A. BROMMEL  PK0017347

BROWN, WINICK, GRAVES, GROSS,
BASKERVILLE AND SCHOENEBAUM, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone:  515-242-2400
Facsimile:   515-283-0231
E-mail:  scottlong@ialawyers.com
E-mail:  mlh@ialawyers.com
E-mail:  rab@ialawyers.com

ATTORNEYS FOR PLAINTIFFS