IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KRAMER,<br>JEFFREY KRAMER AND<br>STEVE KRAMER,<br><br>Defendants. | No. C06-0046<br><br>RULING ON MOTION IN LIMINE |

On the 6th day of November 2007, this matter came on for hearing on the Motion in Limine (docket number 43) filed by the Plaintiff on September 27, 2007. The Plaintiff was represented by its attorney, Scott L. Long. The Defendants were represented by their attorney, William W. Graham.

In its Motion, Plaintiff CNH Capital America, LLC ("CNH") requests that the Court enter an order prohibiting Defendants Leroy Kramer, Jeffrey Kramer, and Steve Kramer from introducing evidence or argument relating to the activities of Leon Walterman which CNH claims are "unrelated" to the contracts which constitute the basis of this lawsuit. Specifically, CNH requests that Defendants be prohibited from offering evidence relating to (1) Walterman's sales out of trust and/or misapplication of credits in 2003, (2) Walterman's apparent cash problems in 2003, (3) hour discrepancies on eight to ten pieces of equipment in 2002, and (4) Walterman's alterations of serial numbers on certain pieces of equipment in 2004. CNH concedes that Defendants are not prohibited from offering testimony regarding lies told by Walterman or his employees to Defendants in an effort to deceive Defendants.

1

Defendants argue that evidence of Walterman's "widespread fraud" would support a defense of equitable estoppel against Walterman. According to Defendants, "[a]s Walterman's assignee, the Plaintiff is subject to the same defense." In support of their argument, Defendants cite *Hawkeye Land Company v. Iowa Power and Light Company*, 497 N.W.2d 480 (Iowa App. 1993). There, the Plaintiff was equitably estopped from enforcing a contract, due to false representations by its assignor.

In this case, "CNH does not dispute, and has not disputed, that Defendants did not sign the subject contracts."[1] Rather, Plaintiff claims that Defendants ratified the contracts *after* discovering that the contracts were established "by fraud or deceit." The elements of equitable estoppel are set forth in *Hawkeye Land*, as follows:

1. A false representation or a concealment of material facts;
2. A lack of knowledge of the true facts on the part of the actor;
3. The intention that it be acted upon; and
4. Reliance thereon by the party to whom made, to his or her prejudice and injury.

497 N.W.2d at 486.

In this case, however, Plaintiff's cause of action relies on actions taken by Defendants *after* they discovered the underlying false representation. That is, Plaintiff argues that Defendants were not acting on a lack of knowledge or relying on a false representation, but rather knew that the contracts had been fraudulently executed and nonetheless took some action to ratify the contracts. If Plaintiff fails to prove that Defendants took some action to ratify the contracts *after* they discovered Walterman's fraud, then Plaintiff is not entitled to recover. On the other hand, if Plaintiff proves that Defendants learned of Walterman's fraud and *then* took some action to ratify the contracts, then Defendants would not be entitled to rely on an equitable estoppel defense.

---

[1] *See* Reply Brief in Support of Plaintiff's Motion in Limine (docket number 48) at 2.

Even if an equitable estoppel defense was otherwise available against Walterman, however, Defendants' argument ignores the "hell or high water clause" found in the contracts which are the bases of the instant action. The contracts at issue in the instant action provide in Paragraph 3 under the "Additional Provisions" portion of the contracts, as follows:

> Buyer will not assert against Assignee any claim or defense which Buyer may have against Seller or the manufacturer of the Equipment. Buyer agrees that its obligation to remit payments will not be subject to, and it will not make any claim against Assignee for breach of any representation, warranty or condition with respect to the Equipment and that its obligation to pay Assignee all amounts under this Agreement is absolute and unconditional without abatement, reduction, set-off, counterclaim or interruption for any reason whatsoever, notwithstanding any breach of alleged breach of any representation, warranty or condition with respect to the Equipment or any dispute which now or hereafter arises between Buyer and Seller or any other person.

*See, e.g.*, Complaint, Exhibit H (docket number 3-12) at 4. As "Buyer[s]," Defendants agree not to assert any defenses against CNH which they may otherwise have against Walterman. *If* Defendants ratified the contracts, then they agreed to be bound by its terms. If they did not ratify the contracts, then they are not liable in any event.

These "hell or high water" clauses are common in financing agreements and have uniformly been upheld by federal courts. *Hinkel Excavation & Construction, Inc. v. Construction Equipment International, LTD*, 2001 WL 34008497 (N.D. Iowa) at *6 (collecting the cases). *See also Wells Fargo Bank v. BrooksAmerica Mortgage Corp.*, 419 F.3d 107 (2d Cir. 2005), and *Liberty Bank v. Diamond Paint and Supply, Inc.*, 2006 WL 2691719 (Iowa App.). The contract in *Hawkeye Land*, relied upon by Defendants for the proposition that an equitable estoppel defense may be asserted against a plaintiff/assignee, did not contain a "hell or high water" clause.

In short, the Court concludes that an equitable estoppel defense, based on Walterman's fraudulent activities, is unavailable to Defendants in this case. Defendants

3

are entitled to offer testimony regarding lies told to Defendants by Walterman or his employees in an effort to deceive Defendants. That evidence is relevant to the issue of when Defendants discovered that the contracts had been fraudulently executed and if they subsequently ratified the contracts. At the time of hearing, however, Defendants' counsel conceded that Defendants were unaware of Walterman's other fraudulent actions, as set forth in Plaintiff's instant Motion in Limine. The Court concludes that evidence relating to Walterman's fraudulent activities which were unknown to Defendants is irrelevant to any of the issues remaining in this case.[2]

## ORDER

IT IS THEREFORE ORDERED that the Motion in Limine (docket number 43) filed by Plaintiff on September 27, 2007, is hereby **GRANTED**. Defendants shall not offer any evidence or argument, and shall instruct their witnesses not to volunteer any testimony, regarding (1) Walterman's sales out of trust and/or misapplication of credits in 2003, (2) Walterman's apparent cash problems in 2003, (3) hour discrepancies on eight to ten pieces of equipment in 2002, and (4) Walterman's alterations of serial numbers on certain pieces of equipment in 2004.

DATED this 30th day of November, 2007.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA

---

[2]Initially, Plaintiff also claimed causes of action based on conspiracy and aiding and abetting fraudulent misrepresentation. Those claims were voluntarily dismissed, however, and the only remaining claim is breach of contract.