IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| CNH CAPITAL AMERICA, LLC, Plaintiff, vs. LEROY KRAMER, JEFFREY KRAMER AND STEVE KRAMER, Defendants. | No. C06-0046 RULING ON MOTIONS IN LIMINE |

On the 21st day of March 2008, this matter came on for telephonic hearing on the Motions in Limine Re: Defendants' Witnesses, Trial Testimony and Exhibits (docket number 63) filed by the Plaintiff on March 14, 2008, and the Motion in Limine (docket number 59) filed by the Defendants on the same date. Plaintiff was represented by its attorney, Scott Lamoine Long. Defendants were represented by their attorney, William W. Graham.

## I. PLAINTIFF'S MOTION IN LIMINE

### A. Testimony of John Schwenen, Glen Nielson, Steve Willemsen, and Tim McCandless

Plaintiff CNH Capital America, LLC ("CNH") requests that the Court enter an order prohibiting Defendants from calling John Schwenen, Glen Nielson, Steve Willemsen, or Tim McCandless as a witness at the time of trial. In the Final Pretrial Order, Defendants identified those persons, among others, as witnesses they intended to call at

1

trial.[1] In their Resistance to the instant Motion, however, Defendants state that they "do not presently expect to call Mr. Schwenen to testify," "do not intend to call Mr. Nielson as a witness," and "do not presently intend to call Mr. McCandless as a witness."

Accordingly, it would appear that the only dispute is whether or not Steve Willemsen should be prohibited from testifying. CNH notes that Willemsen was not disclosed in Defendants' Rule 26 initial disclosures, or in any subsequent supplementations.[2] According to Defendants' response to the Motion in Limine, Willemsen is an officer of the First National Bank in Waverly. During deposition testimony, it was disclosed that Defendants financed equipment purchases with First National Bank. As their banker, Defendants anticipate that Willemsen "can offer testimony relevant to a variety of issues." Specifically, Defendants state that Willemsen "can testify that the Defendants never reported to him ownership or purchase of the equipment covered by the forged contracts."

FEDERAL RULE OF CIVIL PROCEDURE 26(a) requires a party to provide to the other parties

> the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

FED. R. CIV. P. 26(a)(1)(A)(i). A party is also required to timely supplement its disclosure pursuant to Rule 26(e). The sanction for noncompliance is found in Rule 37(c).

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use

---

[1] In the instructions given to counsel with the form provided for the proposed final pretrial order, counsel are told that "[e]ach party must prepare a witness list that includes all witnesses (except for rebuttal witnesses) *whom the party intends to call to testify at trial.*" (emphasis added)

[2] According to CNH, identified Schwenen and Willemsen in a Supplemental Disclosure which was filed on March 7, 2007, two days after Defendants produced their proposed witness list.

2

>     that information or witness to supply evidence on a motion, at
>     a hearing, or at a trial, unless the failure was substantially
>     justified or is harmless.

FED. R. CIV. P. 37(c)(1).

In support of its Motion, CNH cites three cases for the proposition that a district court does not abuse its discretion by excluding testimony of witnesses who appear on a defendant's trial list, but who had not been previously disclosed. In *Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200 (8th Cir. 2002), the defendant identified witnesses on the trial list who had not been included in its disclosures and supplements provided under Rule 26. The defendant argued that it was not required to formally disclose the witnesses "because they were known to plaintiffs either through plaintiffs' own discovery disclosures and responses or through [defendant's] discovery responses." *Id.* at 1205. The district court granted the plaintiffs' motion in limine requesting exclusion of all witnesses who appeared on the defendant's trial exhibit list but had not been included in defendant's Rule 26 disclosures and supplements, and the Eighth Circuit Court of Appeals affirmed.

>     [W]e hold that the district court reasonably could have
>     concluded that [defendant's] use of the undisclosed witnesses
>     and exhibits would have unfairly prejudiced plaintiffs at trial,
>     even if the witnesses and exhibits had been identified or
>     referenced somewhere in the course of discovery. We
>     therefore hold that the district court did not abuse its discretion
>     in excluding the evidence in question in an effort to avoid an
>     unfair surprise and to achieve substantial justice in the present
>     case.

*Id.*

In the instant action, it is undisputed that Willemsen was not identified in a supplemental disclosure until March 7, approximately thirty days prior to the trial and just seven days prior to the date when the parties were required to submit a proposed final pretrial order. According to Defendants' Resistance to the instant Motion, Plaintiff learned during the course of discovery that Defendants financed equipment purchases with First National Bank. There is no indication that Willemsen was identified specifically, however,

and no indication that he could "offer testimony relevant to a variety of issues." The Court concludes that CNH would be unfairly prejudiced if Defendants are allowed to designate Willemsen as a witness at this time. Accordingly, the Motion in Limine in this regard will be granted.

### B. Prior Testimony of Craig Gryniewicz, Steven Dewein, and Jim Longe

Craig Gryniewicz, Steven Dewein, and Jim Longe previously provided deposition and trial testimony in *CNH v. McCandless*.[3] In their Resistance to the instant Motion, Defendants indicate that Gryniewicz may be used for impeachment, Dewein can testify regarding substantive issues, and they do not expect to offer the testimony of Longe.

CNH argues that while these witnesses provided deposition and trial testimony regarding fraudulent activities that occurred at Walterman Implement at various points in time, their testimony is irrelevant to the breach of contract claims remaining in this case. Defendants argue that "testimony from Mr. Gryniewicz will indicate that the Plaintiff has lost a great deal of money in connection with Walterman transactions and that it's doing everything it can to collect that money even to the extent of suing farmers whose signatures were forged." At the time of hearing, counsel argued that the evidence is relevant to the witnesses' "motivation to testify" and goes to their credibility. The Court believes that the issue of whether CNH "lost a great deal of money" in this case is not directly relevant to the issue of whether Defendants ratified and then breached the subject contracts. The relevance, if any, which the evidence has to the credibility of Plaintiff's witnesses is substantially outweighed by its prejudicial effect. *See* FED. R. EVID. 403.

Regarding the testimony of Dewein, it would appear from Defendants' Resistance to the Motion in Limine that Dewein can offer testimony which is relevant to the contract issue which remains in this case. Defendants do not attempt to specifically identify the testimony given by Dewein in depositions or at trial and, therefore, the Court is unable to make a definitive determination in this regard. Prior to offering any prior testimony of

---

[3] *CNH Capital America, LLC v. Tim McCandless*, 6:05-cv-02087-JSS (N.D. Iowa), involved the same plaintiff and similar claims brought against another defendant.

4

Dewein, Defendants shall first specifically identify the testimony by page and line so that the Court may determine its relevancy and admissibility. To the extent that any prior testimony is admissible, the parties shall simply refer to "prior testimony" of the witness, rather than referring to testimony "given in another lawsuit."

### C. Prior Testimony of Donna Zmolek and Allen Scott

In the Final Pretrial Order, Defendants identified Donna Zmolek and Allen Scott as witnesses and indicate that if they are unavailable, Defendants expect to offer portions of their deposition and/or trial testimony given in the *CNH v. McCandless* case. Zmolek and Scott were employees at Walterman Implement during the relevant time period. CNH objects to their testimony for the same reasons urged regarding Gryniewicz, Dewein, and Longe. Defendants argue, on the other hand, that Zmolek and Scott have knowledge that the contracts were forged. Specifically, Defendants claim that Scott "will testify to firsthand knowledge of the fact that signatures were forged, including the signatures of Leroy Kramer."

Again, Defendants have not identified the specific testimony which they intend to offer from the prior depositions or trial testimony. Before offering prior testimony, Defendants shall identify by page and line the portions which they intend to offer, so that the Court may determine its relevancy and admissibility. Zmolek and Scott are permitted to testify regarding the transactions relating to Defendants, but will not be permitted to testify regarding other fraudulent activity which was unknown to Defendants.

### D. Defendants' Proposed Exhibits A and B

In the Final Pretrial Order, Defendants identified Exhibits A ("Claims filed by Plaintiff in the Walterman bankruptcy") and B ("Claims filed by Defendants in the Walterman bankruptcy"). CNH objects to both Exhibits on relevancy grounds and also objects to Exhibit B for the reason that it was not previously disclosed. In their response to the Motion in Limine, Defendants withdraw Exhibit B and "agree not to offer Exhibit A without first raising the matter with the Court outside the presence of the jury." Accordingly, the Court finds that the Motion in Limine should be granted. If Defendants

believe that Exhibit A is admissible at some point during the trial, they must first address the issue outside the presence of the jury.

### E. Reference to the CNH v. McCandless Lawsuit

CNH objects to any reference in this trial to the *CNH v. McCandless* case. In their Response, Defendants "agree not to refer to the McCandless case without first raising the matter with the Court outside the presence of the jury." Accordingly, the Court finds that the Motion in Limine should be granted in that regard.

## II. DEFENDANTS' MOTION IN LIMINE

### A. Audit Verification Notices

Defendants Leroy Kramer, Jeffrey Kramer, and Steve Kramer request that the Court enter an order prohibiting CNH from referring to the Audit Verification Notices identified as Plaintiff's Exhibits 54 and 55. Plaintiff's Exhibit 54 (attached to CNH's Resistance to the instant Motion in Limine) is an audit letter sent by Steven K. Dewein to Defendant Leroy Kramer, dated November 4, 2004. The letter asks Kramer to provide certain information regarding a tractor, combine, and header which were determined in an inventory at Walterman Implement to be "out of stock and listed as being in your possession." Plaintiff's Exhibit 55 is a similar document, dated May 18, 2005, pertaining to three Case tractors. Defendants argue that the "Audit Verification Notice" pertains to "equipment not covered by any of the contracts upon which the Plaintiff now bases its claims" and is therefore irrelevant. CNH claims that Defendants "are mistaken" in their assertion that Exhibit 54 does not relate to equipment that is covered by the contracts in this action. Specifically, CNH asserts that the Case STX375 Tractor identified on Exhibit 54 is the same tractor covered by a May 23, 2005 retail installment contract in the name of Defendant Steven Kramer, which is the subject of this lawsuit. CNH argues that the Exhibits are relevant to the issue of what Defendants knew, when they knew it, and whether it proves that they ratified the contracts.

At the time of hearing, Defendants' counsel argued that if Defendants are not entitled to offer evidence regarding CNH's knowledge of unrelated fraudulent activity by

Walterman, then CNH should not be permitted to offer evidence regarding unrelated activity known to Defendants. The Court believes, however, that there is a fundamental difference in the position of the parties which precludes the type of symmetry urged by Defendants. CNH claims that the forged contracts were ratified by Defendants. Defendants claim that they had no knowledge of the forged contracts and the contracts were not ratified by them. Accordingly, evidence regarding what Defendants knew, when they learned it, and what they did after learning it, is relevant. What CNH knew about Walterman's other wrongdoing, however, is not relevant to the issue of whether Defendants ratified these contracts. Accordingly, the Court finds that the Motion in Limine in this regard should be denied.

## B. Delivery & Pick Up Sheets

Plaintiff's Exhibit 57 (attached to CNH's Resistance to the instant Motion in Limine) consists of seven "delivery & pick up sheet[s]," which apparently identify equipment delivered to Leroy Kramer. Defendants argue that the evidence is irrelevant to any issue in this case and ask the Court to enter an order barring its admission at the time of trial. CNH argues that the evidence demonstrates benefits received by Defendants in exchange for their acquiescence in the forged contracts. For the reasons set forth above, the Court concludes that the Motion in Limine should be denied.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Motion in Limine (docket number 63) filed by Plaintiff on March 14, 2008, is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth above.

2. The Motion in Limine (docket number 59) filed by Defendants on March 14, 2008, is hereby **DENIED**.

DATED this 31st day of March, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA